UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COMERAGH LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES BLOCHO, et al.,<br><br>　　　　Defendants. | Case No.18-cv-03944-HSG<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>Re: Dkt. No. 2 |

Defendant James Blocho, proceeding pro se, has removed this action from the Superior Court of Santa Clara County. Dkt. No. 1 at 1-6 ("Notice").[1] He seeks leave to proceed *in forma pauperis*. Dkt. No. 2.

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be litigant cannot pay the filing fees necessary to pursue the action and that his action is not frivolous or malicious. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Having reviewed Defendant's application, the Court finds that he is unable to pay the full amount of fees, costs, or give security. *See Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Nevertheless, the Court finds that it lacks subject matter jurisdiction and accordingly **DENIES** the motion to proceed *in forma pauperis* and remands the case.

**I.　DISCUSSION**

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before

---

[1] James Blocho is one of two named defendants in this action. The other defendant, Neda Blocho, has not yet appeared.

directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.7. Further, under this section, "the Court is required to dismiss an *in forma pauperis* complaint that lacks subject matter jurisdiction." *Dallin, LLC v. Lyles*, No. 17-cv-02618-SK, 2017 WL 2888580, at *1 (N.D. Cal. May 24, 2017) (citing *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987)); *see also MSB Homes LLC v. Williams*, No. 17-cv-06830-SVK, 2017 WL 6883891, at *1 (N.D. Cal. Dec. 7, 2017) (citing *Dallin* for the proposition that courts "screen actions removed to this court [under section 1915] when a party seeks to proceed in forma pauperis to determine whether removal was obviously improper"). "Even aside from section 1915 review, the Court has an independent duty to ascertain its jurisdiction and may remand a case *sua sponte* for lack of subject matter jurisdiction." *Dallin*, 2017 WL 2888580, at *1 (citations omitted). In cases involving removal, courts "strictly construe the removal statute against removal jurisdiction," and reject such jurisdiction "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "[T]he burden of establishing federal removal jurisdiction for purposes of removal is on the party seeking removal." *Dallin*, 2017 WL 2888580, at *1 (citing *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

On May 4, 2018, Plaintiff Comeragh LLC filed a complaint in state court alleging a cause of action for unlawful detainer against Defendant. *See* Dkt. No. 1 at 8-33 (Complaint or "Compl.") (ECF pagination). Plaintiff alleges that Defendant "was provided occupancy" of the premises in question as part of an employment agreement. *See* Compl. ¶ IV. After Defendant's employment terminated, Plaintiff served a notice requiring Defendant to "deliver up possession of said premises within three days of the date of service of said notice." *Id.* ¶ V. As relief, Plaintiff sought possession of the premises, forfeiture of the lease, damages, attorney's fees, and costs. *Id.* ¶ VIII.

Defendant filed a notice of removal on July 2, 2018, alleging that this Court has subject matter jurisdiction pursuant to 18 U.S.C. § 1341, which deals with criminal mail fraud, and 18 U.S.C. § 1961(1)(B), a provision in the "Definitions" section of the criminal Racketeer Influenced and Corrupt Organizations ("RICO") statute. *See* Notice ¶ 8. Defendant also contends that this Court has federal question jurisdiction over the matter because "the action below expressly claims

2

an employment contract with Defendants and the matter therefore clearly falls under the authority of the 'Fair Labor Standards Act of 1938' and 'National Labor Relations Act.'" *Id.* ¶ 9. As support, he cites several sections of Title 29 of the U.S. Code: sections 8(a)(3) and 218(c), which do not exist; section 201, which designates that chapter's short title as the "Fair Labor Standards Act of 1938,"; and section 158(a)(3), which deems certain labor discrimination to be an "unfair labor practice." *See* Notice ¶ 9.

The exercise of federal question jurisdiction is appropriate where "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27-28 (1983). Here, federal law does not create the cause of action, as an unlawful detainer action "is purely a creature of California law." *See Dallin*, 2017 WL 2888580, at *2; *see also MSB Homes*, 2017 WL 6883891, at *2 ("The state court complaint in this case, however, presents a claim for unlawful detainer; it does not allege a federal claim or require resolution of a substantial question of federal law."). Nor is there any indication that Plaintiff's claim necessarily depends on the resolution of a substantial question of federal law: to the extent Defendant claims that this Court has subject matter jurisdiction due to certain federal criminal or labor statutes, the allegations in the Complaint do not support that assertion. Rather, the Complaint evinces only one type of action: an unlawful detainer, brought by Plaintiff to regain possession of certain property. *See* Compl. ¶¶ VI, VIII. Moreover, even if Defendant were to "state defenses and counterclaims asserting a federal question, defenses and counterclaims do not satisfy the requirement that the case 'arise under' federal law." *See MSB Homes*, 2017 WL 6883891, at *2 (citing *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002)).[2] Accordingly, Defendant has failed to satisfy his burden with respect to removal jurisdiction.

---

[2] Defendant also has no claim to diversity jurisdiction under 28 U.S.C. § 1332(a)(1), which requires that actions be between "citizens of different States" (nor does he make any such claim). Neither the Notice nor the Complaint make any reference to Plaintiff's residence, and this Court must remand "if there is any doubt as to the right of removal in the first instance." *See Gaus*, 980 F.2d at 566.

## II. CONCLUSION

The Court **DENIES** Defendant's motion, as the Court lacks subject matter jurisdiction over the underlying action.[3] Defendant's Ex Parte Application for Order Setting Aside Judgment and for Order Recalling Writ of Possession, Dkt. No. 10, is terminated as moot. The Clerk is directed to remand the case forthwith to the Superior Court of Santa Clara County and close the case.

**IT IS SO ORDERED.**

Dated: 7/17/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[3] Because the Court lacks subject matter jurisdiction, it need not reach Defendant's request to consolidate this action with another case pending in this district. *See* Notice ¶¶ 11-21; *Wells Fargo Bank N.A. v. Robinson*, No. C 14-03663 LB, 2014 WL 4748471, at *4 (N.D. Cal. Sept. 23, 2014) ("Federal courts have no power to consider claims for which they lack subject matter jurisdiction, whether or not such claims are independent or consolidated.") (citing, *inter alia*, *Chen-Cheng Wang ex rel. U.S. v. FMC Corp.*, 975 F.2d 1412, 1415 (9th Cir. 1992)).

4